# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

**LENNARD TOCCALINE,**
Plaintiff, Pro Se,

v.

**CONNECTICUT DEPARTMENT OF CORRECTION;**
**WARDEN MCCATTA (Individual and Official Capacities);**
**CORRECTIONAL OFFICER MILLER (Individual and Official Capacities);**
**LIEUTENANT TSF (First Name Unknown, Individual and Official Capacities);**
**CORRECTIONAL OFFICER JONES (Individual and Official Capacities);**
**CORRECTIONAL OFFICER BUCHERI (Individual and Official Capacities);**
**LIEUTENANT CANALES (Individual and Official Capacities);**
**WILLIAMS, Medical Staff (First Name Unknown, Individual and Official Capacities);**
**CAPTAIN ANDRADE (Individual and Official Capacities);**
**DEPUTY WARDEN OGANDO (Individual and Official Capacities),**

Defendants.

---

**Case No.:** _____

# CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

---

# I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events occurred within the District of Connecticut.

## II. PARTIES

### Plaintiff

4. Plaintiff **Lennard Toccaline** is a United States citizen residing at 152 Arbutus Street, East Hartford, CT 06108.

5. During all events described, Plaintiff was an inmate (Inmate #97237) in CT DOC custody.

6. Contact information: Phone: (353) 268-3288; Email: ltoccaline@gmail.com.

### Defendants

7–18. *(All defendants listed in caption; sued in both individual and official capacities; DOC included for injunctive and declaratory relief.)*

## III. STATEMENT OF FACTS

### A. Plaintiff's Medical Conditions and Special Transport Order

19–27. *(Describes Plaintiff's spinal condition, special requirements for transport, and the ongoing medical orders in his CT DOC file.)*

### B. The December 5, 2022 Incident at Corrigan-Radgowski

28–52.

- Staff intentionally violated Plaintiff's special medical transport orders.

- Plaintiff was forced into a dangerous and medically prohibited position.

- Staff lifted Plaintiff by his armpits, dragged him, and handled him in a way that caused severe pain, neurological symptoms, and permanent worsening of his condition.

- Requests for medical assistance were ignored or intentionally delayed.

## C. Pattern of Similar Violations Throughout 2022

53–57.

- Multiple earlier incidents show a pattern of DOC staff ignoring Plaintiff's medical orders, causing repeated injuries.

## D. December 5–14, 2022 Unconstitutional Detention

58–79.

- Plaintiff remained in extreme pain while medical staff and officers ignored urgent complaints, refused treatment, and mocked Plaintiff's disabilities.

- Plaintiff was denied medication, denied proper medical evaluation, and left without functioning communication to report emergencies.

## E. September 12, 2024 Incident

80–92.

- Lieutenant Canales and Officer Jones again violated Plaintiff's transport orders.

- Plaintiff was forced into positions that caused severe pain, dizziness, neurological symptoms, and near collapse.

- Plaintiff was denied access to a wheelchair and refused prompt medical assistance.

## F. Attempts to Resolve Through DOC Channels

93–114.

- Repeated administrative requests and grievances were ignored, returned, or intentionally obstructed.

- Supervisors failed to train staff, correct conduct, or enforce Plaintiff's transport orders.

- Violations continued through 2022, 2023, and 2024.

# IV. CLAIMS FOR RELIEF

# COUNT ONE – Deliberate Indifference to Serious Medical Needs

**(42 U.S.C. § 1983 – Eighth Amendment)**
**Against: Miller, TSF, Jones, Bucheri, Canales, Williams, Warden McCatta, Deputy Warden Ogando, Captain Andrade**

115. Plaintiff incorporates all prior paragraphs.

116. Plaintiff had serious, documented medical needs requiring specialized transport and handling.

117. Defendants knew of these conditions through medical orders, direct statements, and DOC records.

118. Despite this knowledge, Defendants intentionally ignored or violated Plaintiff's medical orders.

119. Defendants denied Plaintiff necessary medical care during and after transport.

120. Defendants' conduct caused extreme pain, neurological symptoms, lasting injury, and risk of permanent damage.

121. Defendants acted with deliberate indifference in violation of the Eighth Amendment.

**Relief Requested:** Compensatory damages and punitive damages.

# COUNT TWO – Cruel and Unusual Punishment / Excessive Force

**(42 U.S.C. § 1983 – Eighth Amendment)**
**Against: Miller, TSF, Jones, Bucheri, Canales**

122. Plaintiff incorporates all prior paragraphs.

123. Defendants used force that was unnecessary, excessive, malicious, and sadistic.

124. Defendants lifted Plaintiff by his armpits, dragged him, forced him into prohibited positions, and ignored his medical orders.

125. Defendants' actions were not for any legitimate penological purpose.

126. The use of force caused severe physical pain and long-term injury.

127. This conduct violated the Eighth Amendment.

**Relief Requested:** Compensatory damages and punitive damages.

# COUNT THREE – Unconstitutional Conditions of Confinement

**(42 U.S.C. § 1983 – Eighth Amendment)**
**Against: Connecticut DOC and Corrigan Staff (Unknown Officers)**

128. Plaintiff incorporates all prior paragraphs.

129. From December 5–14, 2022, Plaintiff was held in conditions that posed a substantial risk to his health and safety.

130. Plaintiff was denied functioning communication to summon help, denied medication, and denied adequate medical care.

131. Officers ignored Plaintiff's pleas for help while he was experiencing severe neurological symptoms.

132. These conditions violated contemporary standards of human decency.

**Relief Requested:** Declaratory and injunctive relief; compensatory damages.

# COUNT FOUR – Supervisory Liability (Failure to Train, Supervise, or Discipline)

**(42 U.S.C. § 1983)**
**Against: Warden McCatta, Deputy Warden Ogando, and Captain Andrade**

133. Plaintiff incorporates all prior paragraphs.

134. Supervisory Defendants were aware of widespread, repeated violations of Plaintiff's medical orders.

135. Despite this knowledge, they failed to train, supervise, or discipline staff.

136. Their failures directly caused the constitutional violations suffered by Plaintiff.

137. Supervisory Defendants acted with deliberate indifference.

**Relief Requested:** Compensatory and punitive damages; injunctive relief.

# COUNT FIVE – ADA Title II (Failure to Accommodate Disability)

**Against: Connecticut DOC**

138. Plaintiff incorporates all prior paragraphs.

139. Plaintiff is a qualified individual with a disability involving severe spinal impairment and mobility limitations.

140. DOC failed to provide reasonable accommodations, including the required transport method and mobility assistance.

141. DOC knowingly denied access to services, programs, or activities because of Plaintiff's disability.

142. DOC's actions violated the Americans with Disabilities Act, Title II.

**Relief Requested:** Injunctive relief and damages allowed by law.

# V. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Compensatory damages;

2. Punitive damages against individual Defendants;

3. Declaratory judgment that Defendants violated Plaintiff's rights;

4. Injunctive relief requiring CT DOC to follow Plaintiff's medical transport orders;

5. Costs of this action;

6. Any further relief deemed just and proper.

# VI. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable under Fed. R. Civ. P. 38.

Dated: 12/16/2025, 2025

**Lennard Toccaline, Pro Se**
152 Arbutus Street
East Hartford, CT 06108
Phone: (353) 268-3288
Email: ltoccaline@gmail.com

*[Signature: Lennard Toccaline]*

MICHELLEE PEREZ
Notary Public, State of Connecticut
My Commission Expires Dec. 31, 2026

*[Signature: Michellee Perez]* 12/16/2025