**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| Lennard Toccaline,<br><br>                Plaintiff,<br><br>v.<br><br>Connecticut Department of Correction et al.,<br><br>                Defendants. | Civil No. 3:26-cv-00013-KAD<br><br><br><br><br><br>June 22, 2026 |

**RECOMMENDED RULING ON**
**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Plaintiff, Lennard Toccaline, is a former inmate at the Corrigan-Radgowski Correctional Institution.  (Compl., ECF No. 1.)  He has filed a civil rights lawsuit against the Connecticut Department of Correction and several prison officials, alleging, among other things, deliberate indifference to his serious medical needs and excessive force.  (*Id.*)  He also moved for leave to bring his lawsuit *in forma pauperis*, which is a Latin phrase meaning "in the form of a pauper."  (Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2, 12.)  In other words, he has asked the Court for permission to start his case without paying the customary $405 filing fee.

A federal law permits plaintiffs to proceed *in forma pauperis*, or "IFP," if they file affidavits showing that they are "unable to pay[.]"  28 U.S.C. §1915(a).  The presiding District Judge, the Honorable Kari A. Dooley, referred Mr. Toccaline's case to me – Magistrate Judge Thomas O. Farrish – to review his motion and determine if he qualified.  (Order of Referral, ECF No. 9.)  Having carefully considered his affidavit, I conclude that he does not.  I will therefore recommend that Judge Dooley deny his motion.

1

### 1. Applicable Legal Principles

To prove that he is "unable to pay," a plaintiff does not have to demonstrate that he is completely penniless.  *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). But he does need to show that paying the filing fee "would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).  The Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations marks omitted).  In other words, the plaintiff does not have to show that he is without a penny to his name, but he does need to show that paying the $405 fee would interfere with his ability to support himself and any family members who depend on him. The idea behind the rule is that "no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick*, 710 F.2d at 244.

In considering whether a plaintiff has made this showing, courts often look to the poverty guidelines published by the United States Department of Health and Human Services.  In *Fuentes v. United States*, for example, the Court of Federal Claims concluded that the plaintiff would face a "serious hardship" if forced to pay the filing fee, because his income as "not significantly above poverty level."  100 Fed. Cl. 85, 92 (2011).  And in *Potnick*, the Court of Appeals for the Second Circuit likewise concluded that the plaintiff was entitled to proceed IFP because his monthly income was "significantly below poverty level."  701 F.2d at 244.  Conversely, in *Dow v. Colvin* a magistrate judge recommended denial of an IFP motion because the plaintiff's family income meaningfully exceeded the poverty guidelines.  No. 4:13-cv-299 (ABJ), 2013 WL 1952092, at *1 (N.D. Tex. Apr. 15, 2013).

**2. Applying These Principles to Mr. Toccaline's Case**

At the time he filed his complaint and IFP motion, Mr. Toccaline had been out of prison for at least a year.  (ECF No. 12, at 7.)  He got himself an apartment, and a job at the E-Z Oil Company in Manchester.  (*Id.* at 4.)  In his IFP motion, he disclosed the assets that he had accumulated, along with the income he earned at his job.  (*Id.*)

With respect to assets, Mr. Toccaline had $1,800 in a checking or money market account at the time of his IFP application.  (*Id.* at 5.)  He also had $150 in cash on hand, and he owned a 2004 Ford F250 pickup that he valued at $1,000.[1]  Even if one ignores the value of his truck—because a plaintiff should not be expected to sell a basic-transportation vehicle to start a civil rights lawsuit—the value of his cash and bank accounts is more than four times the filing fee.

With respect to income, Mr. Toccaline's gross monthly wages exceed his monthly expenses by almost $900.  He makes $2,400 each month at E-Z Oil (*id.* at 4), which works out to $28,800 per year—an income level that exceeds the federal poverty guideline for a single-person household by $12,840, or over $1,000 per month. [2]  Against this, he has monthly expenses of $1,545, composed chiefly of $800 in rent; $200 in gas and truck maintenance costs; $$250 in food and clothing; and $150 in credit card payments.  (*Id.* at 6.)  Although he listed a $20 monthly alimony or child support obligation in his application, on the next page he expressly denied that anyone else was depending on him for support.  (*Id.* at 6-7.)

---

[1]    Mr. Toccaline signed his IFP motion under penalty of perjury, and I will therefore take him at his word on the value of his truck.  But it is worth noting that Kelly Blue Book reports a "national average fair purchase price" of $6,150.  https://www.kbb.com/ford/f250-super-duty-regular-cab/2004/ (last visited June 19, 2026).

[2]    Available at https://www.federalregister.gov/documents/2023/01/19/2023-00885/annual-update-of-the-hhs-poverty-guidelines. The current poverty guideline for single-person households in the contiguous forty-eight states (that is, excluding Alaska and Hawai'i) is $15,960.

When plaintiffs have assets that are several times the filing fee, and when their income meaningfully exceeds their expenses and the federal poverty guidelines, courts frequently deny their motions for leave to proceed IFP.  In *Furst v. Connecticut*, for example, the plaintiff's "monthly income of $1,450, while not high, exceed[ed] the federal poverty guidelines for a household of one," and it also exceeded his monthly expenses by $550.  No. 3:23-cv-569 (KAD) (TOF), 2023 WL 11852428, at *3 (D. Conn. June 12, 2023), *report and recommendation accepted and adopted,* slip op. (D. Conn. Aug. 2, 2023).  Similarly, in *Hurley v. Ithaca City School District Board of Education*, a New York federal court denied IFP status to a plaintiff who had $1,117 in the bank and a monthly family income that was 178% of the federal poverty guidelines.  No. 3:20-cv-0328 (DNH/ML), 2020 WL 1937561 (N.D.N.Y. Apr. 22, 2020).  People whose assets exceed the filing fee by a meaningful amount, and whose income substantially exceeds both their expense levels and the poverty guidelines, have not proven that they are entitled to IFP status.  *Cf. Morales v. Rembisz*, No. 3:20-cv-00192 (JCH) (TOF), slip op. at 3-4 (D. Conn. Feb. 14, 2020) (expressing skepticism that a family of four with a gross annual income of $44,280 could qualify for *in forma pauperis* status, but deciding motion on other grounds).

In this case, Mr. Toccaline had almost $2,000 on hand at the time he filed for leave to proceed IFP, and his income exceeded his expenses by $855 each month.  On the record before me, it seems clear that he could have paid the $405 filing fee without threatening his ability to feed, house, and clothe himself; to get himself from place to place; or to provide himself with other genuine necessities of life.  Because he has not shown that he is "unable to pay," **I recommend that Mr. Toccaline's motion for leave to proceed *in forma pauperis* (ECF Nos. 2, 12) be denied, and that he be required to pay the $405 filing fee to the Clerk of the Court if he wishes to pursue this suit.**

### 3. Conclusion

In closing, I noted that Judge Dooley referred this case to me not only for review of Mr. Toccaline's *in forma pauperis* motion, but also for "review of [his] Complaint pursuant to 28 U.S.C. 1915." (Order of Referral, ECF No. 9.)  When plaintiffs adequately show that they are entitled to IFP status, the Court then reviews their complaints to determine whether they are "frivolous," "malicious," "fail[] to state a claim on which relief may be granted," or "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). The goal of this review is "to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit" by "reviewing [the] complaint[] and dismiss[ing] certain types of abusive or facially unmeritorious claims." *Dor v. Google, LLC*, No. 3:25-cv-1915 (SVN) (TOF), 2026 WL 438112, at *1-2 (D. Conn. Feb. 13, 2026) (citation omitted).  In this case, however, Mr. Toccaline has not shown that he is entitled to file for free.  I will therefore refrain from performing the review that would have been required by 28 U.S.C. § 1915(e)(2) if he had.

This has been a "recommended ruling" by a United States Magistrate Judge.  Mr. Toccaline has the right to file an objection to my recommendation with his presiding District Judge, Judge Dooley.  **If he wishes to do so, however, he must file that objection in writing with the Clerk of the Court by July 13, 2026.**  Fed. R. Civ. P. 72(b)(2) (stating that objections to Magistrate Judges' recommended dispositions shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for plaintiffs who, like Mr. Toccaline, will receive notice of the recommended disposition by mail).  **If Mr. Toccaline does not file a timely objection, he may not thereafter assign as error any claimed defect in this recommended ruling.**  D. Conn. L. Civ. R. 72.2(a). **Failure to file a timely objection will also preclude appellate review.**  *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object

timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

**If Mr. Toccaline does not wish to file a timely objection, he is directed to pay $405 to the Clerk of the Court.  He is respectfully advised that if he neither files a timely objection nor pays the filing fee, his case may be dismissed.**

*/s/ Thomas O. Farrish*

Hon. Thomas O. Farrish
United States Magistrate Judge

6